**UNITED STATES of America ex rel. Otis BURGESS**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

**Misc. No. 69–56.**

United States District Court
E. D. Pennsylvania.

Aug. 26, 1969.

Otis Burgess, pro se.

Joseph Musto, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

This is a petition for a Federal Writ of Habeas Corpus filed by Otis Burgess who is presently serving a sentence of eighteen months to five years in the State Correctional Institution at Huntingdon, Pennsylvania. This sentence was imposed in the Court of Quarter Sessions of Philadelphia County, Pennsylvania, after the relator pleaded guilty to Bill Nos. 74 and 76, February Sessions, 1968. The sentence which he is now serving was imposed pursuant to Bill No. 76 which had charged aggravated robbery. He also received a sentence of one year probation on Bill No. 74 to follow the sentence on Bill No. 76.

On January 31, 1969, he filed this petition for a Writ of Habeas Corpus utilizing the form of petition provided by the District Court. In this petition he stated

that he had already filed a petition in the State Court under the Pennsylvania Post-Conviction Hearing Act, 19 P.S. Section 1180–1 et seq. The Answer of the District Attorney stated that the relator had taken no appeal from the judgment of sentence nor was there any record of the relator having filed for Post-Conviction relief. In a letter dated March 4, 1969, the Court requested that a further check be made to ascertain whether the relator had in fact filed any petition in the State Court for Post-Conviction relief. This was done because Mr. Burgess had attached to his petition a copy of a State form of petition under the Post-Conviction Hearing Act bearing on each page a stamped number E–379. He also included a hand written document entitled "Amend Petition Post-Conviction Hearing Act Section (7)." In the place where a docket number would ordinarily appear this document bore the inscription E–379. In response to this request, the District Attorney once again examined the following sources:

(a) The original docket book containing a list of trial and post-trial matters; and

(b) The docket book containing a list of Post-Conviction Petitions filed; and

(c) The folder in the Office of the Clerk of Quarter Sessions which contains, supposedly, a record of all proceedings in relator's case; and

(d) The records in the Office dealing with Criminal Post-Trial matters.

In a letter from the District Attorney's office dated March 10, 1969 which has been docketed and made a part of the record in this case, this Court was informed that no record existed of any Post-Conviction Petition having been filed by the relator. The number E–379 which appears on both the State form of petition for post-conviction relief and the relator's hand written petition is not the number placed thereon after the petition is received by the clerk, but is instead a petition number assigned by prison authorities.

In a letter to the relator dated April 29, 1969, we suggested that he should file a new petition under the Post-Conviction Hearing Act setting forth the grounds upon which he contests his incarceration. The District Attorney subsequently informed us in his letter of August 13, 1969, that the relator filed a new Post-Conviction Hearing Act petition on May 14, 1969, and that the District Attorney's office was making efforts to have the matter listed for consideration in the near future. Under these circumstances, we will dismiss the Federal petition for failure to exhaust state remedies.